IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERONA NIKITA CLARKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:03-CR-298-A |
| | § | (NO. 4:05-CV-283-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Verona Nikita Clarke to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The court, having considered the motion, the record, including the record in No. 4:03-CR-298-A, and applicable authorities, finds that the motion should be summarily denied and that United States of America need not respond.  See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

I.

History

On November 5, 2003, petitioner was named in a two-count indictment charging her in count 1 with bank robbery, in violation of 18 U.S.C. § 2113(a), and in count 2 with a separate bank robbery, in violation of 18 U.S.C. § 2113(a).  On January 9, 2004, petitioner pleaded guilty to count 1 of the indictment.  On April 30, 2004, she was sentenced to serve a term of imprisonment of 120 months, to be followed by a three-year term of supervised release, and ordered to pay restitution in the amount of

$29,639.50 and a special assessment of $100.00.  Count 2 of the indictment was dismissed on motion of the government.  Petitioner did not appeal.

## II.

### Grounds of the Motion

Petitioner sets forth three grounds in support of her motion.  First, she was denied effective assistance of counsel.  Second, her constitutional rights were violated.  And, third, she was the victim of prosecutorial misconduct.

## III.

### Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua,

656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947). Here, petitioner has not made any showing of cause.[1]

IV.

Grounds Barred

The second and third grounds of the motion are not entirely clear but are, in any event, barred. To the extent that the issues should have been raised on direct appeal, they cannot be pursued here. Davis, 417 U.S. 345. They have no merit in any event.

Petitioner appears to argue that her sentence is somehow unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), because the court found facts that were not alleged in the indictment or were not presented to a jury. Petitioner was well aware of the sentence she faced as a result of her conduct. See Pet'r Br. at 7. Both the plea agreement and factual resume informed her that she faced a term of imprisonment of up to twenty years. As petitioner was sentenced within the statutory maximum, there is no Apprendi issue. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Nor is petitioner entitled to

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, petitioner has failed to demonstrate that she received such ineffective assistance.

3

any relief under <u>Blakely</u> or <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>See</u> <u>U.S. v. Mares</u>, 2005 WL 503715 (5th Cir. 2005).

V.

<u>Ineffective Assistance of Counsel</u>

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that her counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for her counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. To establish the first prong, petitioner must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. It is not enough to show that some, or even most, defense lawyers would have handled the case differently. <u>Green v. Lynaugh</u>, 868 F.2d 176, 178 (5th Cir.), <u>cert. denied</u>, 493 U.S. 831 (1989). For the second prong, petitioner must show that her counsel's errors were so serious as to deprive her of a fair trial, a trial whose result is reliable. <u>Strickland</u>, 466 U.S. at 687. If the petitioner cannot show that the ineffectiveness of counsel deprived her of a substantive or procedural right to which the law entitles her, she must show that the result of the proceeding was fundamentally unfair or unreliable. <u>Williams v. Taylor</u>, 529 U.S. 362, 392-93 (2000). Here, the record is clearly adequate to

4

fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. <u>Baldwin v. Maggio</u>, 704 F.2d 1325, 1329 (5th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1220 (1984).

Petitioner's complaints regarding her counsel are entirely conclusory and are insufficient to support a claim of ineffective assistance of counsel.[2] <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). Moreover, petitioner has not shown that she was deprived of any substantive or procedural right, much less that the result of the proceeding was fundamentally unfair or unreliable. <u>Williams</u>, 529 U.S. at 392-93.

## VI.

### Order

For the reasons discussed herein,

The court ORDERS that petitioner's motion to vacate, set aside, or correct sentence be, and is hereby, summarily denied.

SIGNED May \_\_\_\_\_, 2005.

                 /s/ John McBryde
                 JOHN McBRYDE
                 United States District Judge

---

[2] Petitioner never really says what her complaint is. Rather, she quotes from cases stating general propositions about effective assistance. She talks about "discovery" and the lack of investigation, but never says what information would have been gained that would have affected the outcome of the proceeding. The court notes that petitioner was sentenced at the low end of her guideline range, despite her extensive criminal history. Her counsel was not ineffective.

5